Mosammat M. Sultana-Neill
13630 Landmark HL.
San Antonio, TX   78217-1721
msneill34@gmail.com

**FILED**
OCT 18 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
655 E César E. Chávez Blvd.
San Antonio, TX   78206

**MOSAMMAT M. SULTANA-NEILL,**

   **Plaintiff**

v.

**LOUIS DEJOY,**
**US POSTMASTER GENERAL,**
**US POSTAL SERVICE,**

   **Defendant.**

SA21CA1008 FB

Civil Action No.

Bench Decision Requested

## COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and Age Discrimination in Employment Act of 1976, 29 U.S.C. §§ 621 to 634.   Plaintiff was discriminated and retaliated against based on her race, national origin, age, and her prior protected EEO activities when she was denied promotional opportunities and other terms and conditions of employment by the Defendant, US Postal Service.

### JURISDICTION AND VENUE

1

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U. S. C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin); and Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

2. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the US Postal Service ("the employer"). The claims arise from events that took place between 2015 and 2020 in the facilities located in San Antonio, Texas and Austin

3. . Accordingly, venue lies in the United States District Court for the Western District of Texas.

## PARTIES

4. The pro se Plaintiff, Mosammat M. Sultana-Neill, is an adult individual who has a mailing address of 13630 Landmark HL., San Antonio, TX 78217-1721. Her email is: msneill34@gmail.com.

5. The Defendant, Louis DeJoy is US Postmaster General at U.S. Postal Service with the Headquarter at 475 L'Enfant Plaza, SW, Washington, DC 20260-0004.

6. At all relevant time, Paul Allen was Lead Maintenance Manager, Rio Grande District, Texas. In October 2019 he became an Area Maintenance Manager, overseeing the southern area from Dallas, Texas, including the entirety of Texas and other southern states.

7. At all relevant time, Dennis Gray was a Maintenance Manager at Austin, Texas.

8. At all relevant time, Todd Cox was a Maintenance Supervisor at San Antonio Processing and Distribution Center (P&DC), Texas.

9. At all relevant time, William Hatley was a Tools and Parts Manager at San Antonio P&DC, Texas.

10. At all relevant time, Virgil Tolbert was a Maintenance Manager of Operations (Tour 2) at the San Antonio P&DC, Texas.

11. U.S. Postal Service engages in commerce for the purposes of Title VII of Civil Rights Act of 1964 and Age Discrimination in Employment Act of 1967, and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

12. The pro se Plaintiff, Mosammat M. Sultana-Neill, is a southeastern Asian Muslim born in Bangladesh in 1969.

13. In 2004 Plaintiff began her employment with Defendant as a Mail Processing Clerk at the Anaheim Processing and Distribution Center (P&DC), Anaheim, California.

14. In 2011 Plaintiff became a Custodian at the Austin P&DC in Austin, Texas.

15. In 2013 she became a Maintenance Mechanic (MM) and reported to Dennis Grey, Maintenance Manager, as her departmental manager.

16. In January 2015, Plaintiff requested a district level interview panel for a Level 09 Mail Processing Equipment (MPE) mechanic position at the Austin Plant, Austin Texas. On May 28, 2015 Mr. Gray told Plaintiff that Paul Allen, Lead Maintenance Manager, Rio Grande District had denied Plaintiff's request.

17. In 2015 Plaintiff filed a formal EEO complaint (1G-781-0064-15) against the maintenance department. Paul Allen was named as one of the defendants.

18. On December 30, 2016 Plaintiff submitted a transfer request through eReassign (postal transfer request portal).

19. On January 18, 2017 the Postal Service temporarily suspended the transfer process pending Plaintiff's return from scheduled leave for surgery. Plaintiff's leave began on January 22, 2017.

20. After Plaintiff's return to work, she was on light duty because of the aftermath of the surgery. While a postal employee is on light duty, she is ineligible for transfer.

21. Plaintiff returned to full duty in July of 2017.

22. In September of 2017 Plaintiff contacted HR to check on the progress of her transfer. HR had completed their eligibility check and gave her written notice of her joining date (10/24/2017) for the San Antonio P&DC after certifying her attendance, disciplinary status and work record.

23. After Plaintiff received her joining date, she requested a 30-day extension to get her affairs in order for a move from Austin to San Antonio. The HR department issued her a revised joining date of 11/26/2017.

24. In October of 2017 MMO Mark Trufant called Plaintiff into his office to inform her that the Rio Grande district office was trying to deny her transfer, and that she needed to contact HR. Lead Maintenance Manager Paul Allen was present in the office.

25. When Plaintiff consulted with HR Specialist, Kurt Mounsey, she was informed that the Lead Maintenance Manager, Paul Allen and Lead Plant Manager, Dennis Stasa were attempting to deny her transfer based on poor attendance in violation of postal procedures for

transfer employees. The HR department had already examined her attendance and found it to be satisfactory. Her transfer could not have been approved otherwise.

26. Wilma Huertas, Labor Manager had to step in to correct the situation.

27. In January 2018 Plaintiff was transferred to San Antonio, Texas P&DC as Maintenance Mechanic, reporting to Paul Allen, Lead Maintenance Manager, Rio Grande District.

28. In late January of 2018 Plaintiff exercised her option to request a test or interview within her first 30 days as a new transfer by requesting an interview for MPE Mechanic (level 9). That request was ignored in violation of postal regulations.

29. In March of 2018, Plaintiff requested to take the MPE interview during open season. She was told she was ineligible, although other employees (such as Stacey Malbrough) with her same status were allowed the interview and promoted. Plaintiff also requested the opportunity to take the test for electronic technician (ET).

30. Plaintiff sent a request to Lead Maintenance Manager Paul Allen to be considered as a candidate for acting supervisor (204B). Mr. Allen rebuffed her in a letter which falsely asserted that she had poor attendance and falsely accused her of extending her break time. DATE

31. Plaintiff sent a response to Mr. Allen pointing out the falseness of his claims and demanding documentation to support them.

32. Plaintiff CCed Mr. Allen's letter (in 30 above) and her response to HR Manager Marcel Polanco, Labor Manager Wilma Huertas, Plant Manager Dennis Stasa and District Manager Stephen Hernandez.

33. Plaintiff left for her scheduled two-week vacation. When she returned, Mr. Allen was no longer in the office. An announcement was circulated that he had been promoted to the Southern Area office in Dallas.

34. In October 2019 Paul Allen became an Area Maintenance Manager, overseeing the southern area from Dallas, Texas, including the entirety of Texas and other southern states.

35. After Mr. Allen left, Plaintiff sent an email to the new Lead Maintenance Manager, Robert Spagnolia requesting to honor her request for an MPE interview and consideration for an open 204B position. She never received a response.

36. Since no response was forthcoming, Plaintiff filed a formal EEO complaint.

37. Management awarded her a 204B position after she filed the EEO without informing her of the award. She found out from a craft employee that she was scheduled as a 204B the day before she was to begin.

38. Between when April and December 7, 2019 Plaintiff served as an acting supervisor (204B position). On December 7, 2019 she returned to her craft, Maintenance Mechanic, in order to preserve her status in the craft.

*Plaintiff's Prior Protected Activities*

39. On September 30, 2015 Plaintiff filed a formal EEO complaint (1G-781-0064-15) alleging that based on her prior protected EEO activity (1G-781-0050-14) from January 2015 through May 28, 2015 Paul Allen, Lead Maintenance Manager, Rio Grande District, and Dennis Gray, Maintenance Manager, declined her request to interview with a district level panel for a Level 09 Mail Processing Equipment (MPE) mechanic position at the Austin Plant, Austin Texas.

6

40. On October 25, 2018 a Final Agency Decision was issued on the 2015 EEO formal complaint (1G-781-0064-15), which was received by Plaintiff on November 30, 2018. On September 29, 2019 Plaintiff filed an appeal with Office of Federal Operations (OFO), after being informed that equitable tolling may apply based on Agency's delayed service of the Final Decision for more than 30 days and Plaintiff's misunderstanding (caused by the delay) regarding the right to file an OFO appeal within 30 days of receipt. The OFO appeal was filed on August 29, 2016 and is currently pending.

41. In 2016 Plaintiff filed an informal EEO complaint (1Z-781-0044-16) against Fernando Espinoza and Tina Parker of Austin Processing and Distribution Center. The matter was settled during the pre-complaint counseling period.

42. On February 23, 2019 (and not on April 1, 2019 as recorded by EEO counselor) Plaintiff filed an informal EEO complaint against William Hatley, Tools and Parts Manager, and his supervisor Paul Allen, Area Maintenance Manager, regarding the failure to place her name on the promotional roster and repeated failure to place Plaintiff to an acting supervisor (204-B) position. On August 1, 2019 Plaintiff filed a formal EEO complaint (1G-781-0059-19).

*The Particulars of the Allegations*

**The Plaintiff alleges that based on her race (Southeastern Asian), national origin (Bangladesh), and her religion (Islam), and her age (born in 1969), and based on her prior protected EEO activities (as specified above), she was discriminated and retaliated against when:**

7

**43.** From January 2015 through May 28, 2015 Paul Allen, Lead Maintenance Manager, Rio Grande District, and Dennis Gray, Maintenance Manager, declined Plaintiff's request to interview with a district level panel for a Level 09 Mail Processing Equipment (MPE) mechanic position at the Austin Plant, Austin Texas.

**44.** In late January 2018 William Hatley, Tools and Parts Manager, ignored Plaintiff's request for an interview to be added to the registry for promotion to Mail Processing Equipment (MPE) mechanic position at San Antonio, TX.

    a. All newly transferred maintenance employees are entitled to request any kind of upgrade within 30 days of their joining date.

    b. At the time, Mr. Hatley was in charge of the promotion roster, as he currently is.

**45.** Plaintiff was not offered an open 204b position for which she volunteered and for which she was qualified

    a. From the time Plaintiff joined the staff of the San Antonio P&DC (January 2018) to the present, Maintenance Supervisors: Todd Cox, Supervisor Maintenance Operations (SMO), Eduardo Pena, SMO and Deborah Galbreith (SMO) repeatedly solicited volunteers to serve in the capacity of Acting Supervisor (204B) during the daily morning meetings of the maintenance department.

    b. The Plaintiff repeatedly expressed willingness to volunteer for the acting supervisor position (204-B). Despite the lack of other volunteers, the Plaintiff's verbal offers to serve in this role were ignored by who maintenance management.

  c. SMO Todd Cox advocated for Plaintiff's bid to fill the position. This decision was ultimately in the hands of Lead Maintenance Manager Paul Allen.

  d. From February 2018 to July 2018 Maintenance Manager Virgil Tolbert repeatedly ignored Plaintiff's expressed willingness to volunteer for the acting supervisor position (204-B), despite repeated solicitation from b Maintenance Supervisor, Todd Cox and despite Plaintiff's repeated volunteering verbally in employee meetings and in writing to Virgil Tolbert.

  e. Since management was unwilling to offer the job to the plaintiff, the SMOs had to continue soliciting for needed volunteers.

  f. After Mr. Allen was replaced, the new Lead Maintenance Manager Robert Spagnolia approved the plaintiff's request in the wake of her EEO complaint for denying her contractual right to an interview for MPE.

  g. During this period, the Maintenance Department has been short-staffed of supervisors on all tours at one time or another.

46. On September 3, 2018, Plaintiff's March 2018 second request for an interview for the MPE mechanic position in the open season selection process.

47. On or about July 19, 2018 Paul Allen denied Plaintiff's June 29, 2018 letter (mailed on July 13, 2018), requesting to be considered for a detail position as an acting supervisor (204-B position).

9

    a. On July 19, 2018 Paul Allen in a letter replied to Plaintiff's June 29, 2018 letter (mailed on July 13), falsely accusing Plaintiff of poor work ethic and attendance.

    b. Mr. Allen claimed in his letter that his accusation about the plaintiff's work ethic was based on a report from an unidentified supervisor, which Mr. Allen never produced or otherwise substantiated.

    c. On September 27, 2018 Plaintiff sent a reply letter to Paul Allen, which was copied to Steven Hernandez (District manager), Marcel Polanco (HR Manager), Dennis Stasa (Plant Manager), and Wilma Huertas (Labor Relations Manager), accusing Mr. Allen of discriminatory behavior and demanding documentation of his accusations. No response was made by any management official.

48. In July 2018 William Hatley informed Plaintiff in a letter that she was deemed not qualified for open season consideration, citing the 120-day rule.

    a. Other similarly situated employees were directly promoted to MPE without being added to the promotion roster such as Stacey Malbrough (MM, African-American, Age 55, American born with no prior EEO activity), Michael Aguillon (MM, Native American with no prior EEO activity), Cornel Freeman (MM, African American, 62, American born with no prior EEO activity). They all received open-season consideration for promotion without being added to the promotion roster. Plaintiff did not.

      b. From December 2018 until today, many new employees, John Kijanka (caucasian, age 40-45, unknown birthplace, no EEO activity), Damon Wright (caucasian, age 53, American born with no prior EEO activity), Ana Amesqua (now Blackburn, age 40-45, hispanic, no prior EEO activity), Oscar Tamez (hispanic, age 42, American born with no prior EEO activity), and many others (roughly 10 people) were promoted ahead of plaintiff that had less seniority in the maintenance craft. They were all afforded the opportunity to grow in the craft while Plaintiff was not even though she also had a passing score on file.

      c. If the plaintiff had been afforded her interview, she would have been promoted ahead of any of these employees.

49. On January 11, 2019 William Hatley failed to put Plaintiff's name in the updated roster for promotion.

      a. The roster was completed on January 11, 2019 without Plaintiff name listed as one of the contenders for promotion.

      b. This position required a qualifying class after promotion (IES).

      c. Plaintiff has already passed that class (since 2014). She received her certification from the NCED.

      d. The open season process which began on March 1, begins with a 30 day window in which employees can request inclusion – ending March 30. Open season occurs only once every three years.

  e. On April 1 there is a 160 day window for employees to test or be interviewed to complete the necessary qualifications to be included on the promotion roster.

  f. Within the 160 days, management is contractually obligated to schedule and complete all testing and interviews and complete and post the promotion roster.

  g. This should have been completed on, or around, September 7th 2018. William Hatley delayed the process beyond the 160 day requirement and did not post the roster until January 11 of 2019.

50. On February 23, 2019 Plaintiff name was omitted in the roster for promotion by William Hatley

51. Between December 18, 2019 and mid March 2020 Plaintiff was once again denied to fill the vacant acting supervisor (204b) position by Cory Lunford, acting Manager, and by Paul Allen, Area Maintenance Manager

  a. Others such as Stacey Malbrough and Hough McCorkle (both outside Plaintiff's protected classes) were returned to their respective acting supervisor's positions in detail after completing their respective detail in the acting supervisor position and after returning to their respective craft as MM. Plaintiff was not allowed to return to her former detail position as an acting supervisor (204B position) unlike others.

52. Sometime prior to August 3, 2019 Plaintiff was not selected for the job posting #10314086, for which she applied in late May of 2019 (See ROI from case# 1G-781-0059-19).

12

    a. The selecting official was Lead Maintenance Manager, Robert Spagnolia.

    b. This job was posted district-wide for qualified employees of the maintenance craft.

    c. This job was awarded to an ineligible employee: Mr. Sudip Bhatairi on 8/3/19.

    d. Mr. Bhatairi was ineligible because he was employed outside of the Rio Grande District.

    e. By postal regulations, Mr. Bhatairi could only be considered, if management had been unable to find a qualified employee among the eligible applicants.

    f. In that case, the management would then have been required to repost the job as an area-wide call for applicants.

    g. Since Mr. Bhatairi was employed outside the Southern Area of the post office, he would have still been an ineligible applicant.

    h. If management had been unable to find a qualified applicant among employees in the Southern Area, then they would have been authorized to post the job service-wide.

    i. At that point, Mr. Bhatairi would have been an eligible applicant.

    j. The maintenance department at the San Antonio P&DC followed none of the above mentioned recruiting process.

    k. Plaintiff was a qualified and eligible applicant.

l. She was informed by District HR (by email) that she did not get the job on 9/9/19 – a full month after the job was awarded.

53. Between December 18, 2019 and mid-March 2020 Plaintiff was once again not offered the vacant acting supervisor (204b) position by Virgil Tolbert or Robert Spagnolia (See ROI for case 1G-781-0027-20).

    a. Others such as Stacey Malbrough (MPE) and Doug McCorkle (ET) (both outside Plaintiff's protected classes) were returned to their respective acting supervisor's positions in detail after completing their respective detail in the acting supervisor position and after returning to their respective crafts.

    b. Plaintiff was not allowed to return to her former detail position as an acting supervisor (204B position), unlike others.

54. On 12/18/19, Plaintiff was exposed to dangerous chemicals which triggered her asthma and made her sick. (See ROI for case 1G-781-0027-20).

    a. Supervisor Marlon Cardenas would not provide Plaintiff with her FMLA case number.

    b. Supervisor Marlon Cardenas attempted to coerce Plaintiff to leave the premises while she did not feel safe to drive.

55. On 12/19/19, Supervisor Marlon Cardenas retaliated against Plaintiff by ordering her to lunch during a motor replacement on DBCS #4, thereby singling her out to miss this important training and advancement opportunity (See ROI for case 1G-781-0027-20).

56. On 5/16/20 supervisors Eduardo Pena and Deborah Galbreith attempted to force Plaintiff to recertify training for tasks not assigned to her job level by threatening her with disciplinary action (See ROI for case 1G-781-0027-20).

57. Each of the retaliatory actions must be understood as a part of the ongoing discriminatory mistreatment of Plaintiff in retaliation for exercising her rights as a postal employee.

    a. It has cost her promotions (since 2015).
    b. It has delayed the achievement of her high 3.
    c. She will be unable to retire early.
    d. It has tarnished her reputation which will likely prevent her from being promoted to any management job.
    e. It will prevent her ability to transfer to other postal facilities.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Paragraph 38 through 41 reference above under the subheading, "Plaintiff's Prior Protected Activities," are incorporated herein by way of reference. The allegations above are derived from formal case numbers 1G-781-0059-19 and 1G-781-0027-20.
2. 

## REMEDIES and RELIEF

3. Plaintiff seek appropriate remedies, pecuniary and non-pecuniary, including but not limited immediate placement to Mail Processing Equipment (MPE) mechanic position at San

Antonio, TX, with lost wages in salary differential since March 15, 2018 to present along with all concomitant step and COLA raises. In addition, the compensatory damages for pain and suffering in the amount of $1,000,000 is claimed.

## NO JURY DEMAND

4. The Plaintiff herein hereby a bench decision on all issues in this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendant.

Respectfully Submitted,

*Mosammat Sultana-Neill 10/18/2021*
/s/ Mosammat M. Sultana-Neill
Mosammat M. Sultana-Neill
13630 Landmark HL.
San Antonio, TX   78217-1721
msneill34@gmail.com

16