UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MOSAMMAT M. SULTANA-NEILL<br><br>*Plaintiff*,<br><br>v.<br><br>LOUIS DEJOY, in his official capacity as Postmaster General<br><br>*Defendant*. | Civil Action No. 5:21-cv-01008-FB |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Louis DeJoy, in his official capacity as Postmaster General at the United States, respectfully moves this Court to dismiss Plaintiff Mosammat Sultana-Neill's ("Mrs. Sultana-Neill") complaint (Dkt 1). The bases for this motion are set forth below.

## MEMORANDUM IN SUPPORT

### I. Preliminary Statement

Mrs. Sultana-Neill brings this employment discrimination action for alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*. *Id.* at p. 1. Specifically, she alleges the Defendant discriminated against her on the basis of her race (South Asian), national origin (Bangladeshi), age (Fifty-Two), religion (Islam), and retaliated against her for prior protected actions when Defendant allegedly: (1) did not select her for a detail as an acting

supervisor (a "204B" position) between approximately March 2018 and March 2020; and (2) did not select her for a supervisor position in August 2019. *Id.* at ¶¶ 29-38.[1] As discussed below, all claims should be dismissed because they are untimely and/or Plaintiff's Complaint alleges insufficient facts from which this Court can conclude that Defendant engaged in unlawful discrimination or retaliation.

## II.   Standards of Review

### a.  Fed. R. Civ. P. 12(b)(1)

When there is a challenge to the court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction exists. *Ala.-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When it is determined that a court lacks subject matter jurisdiction, the proper remedy is dismissal. *See Rush v. Barham*, 618 F. App'x 789, 791 (5th Cir. 2015) (internal citations omitted). When a Fed. R. Civ. P. 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

---

[1] Plaintiff's Complaint makes several references to other allegations. *See, e.g.,* Dkt 1 at ¶¶ 53-56. These should be dismissed to the extent they have not been administratively exhausted. *See Yee v. Baldwin-Price*, 325 F. App'x 375, 378 (5th Cir. 2009) and Exhibit L (discussing the details of the allegations which were formally accepted through the EEO process after Plaintiff submitted various amendments to her original complaint).

jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

   b. Fed. R. Civ. P. 12(b)(6)

On a 12(b)(6) motion to dismiss, the Court accepts as true all of the relevant factual allegations in a complaint and construes them in the light most favorable to the plaintiff. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, recitation of the elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To that end, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680–81 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth").

Rather, the court considers whether a complaint asserts "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

*Id*. (internal citations omitted). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Talbert v. Bullritos & Sandeep Kadur*, No. H-16-3743, 2017 U.S. Dist. LEXIS 220065, at *2-3 (S.D. Tex. Sep. 12, 2017) (citing *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 at 680). The Court may also review documents referenced in a complaint and which are central to a plaintiff's claims even if it decides this case under Rule 12(b)(6). *See Carter v. Target Corp.*, 541 Fed. Appx. 413, 416 (5th Cir. 2013) citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

The pleadings of a *pro se* plaintiff are liberally construed. *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). However, *pro se* litigants are still required to provide sufficient facts in support of their claims; mere conclusory allegations are insufficient. *Allen v. Bank of Am., N.A.*, No. EP-14-CV-429-KC, 2015 WL 1726986, at *4 (W.D. Tex. Apr. 15, 2015) (citations omitted).

### III. Factual and Procedural Background

Plaintiff Mosammat Sultana-Neill is a 52-year-old Bangladeshi-American Muslim woman. Dkt. 1 at 7. After graduating high school in Dhaka in 1986, she received a bachelor's degree in Sociology and a master's degree in Political Science from the National University of Bangladesh. Exhibit A. She then went on to complete two years of law school. Exhibit A.[2]

---

[2] Although a district court generally errs if it dismisses a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend, *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011), this requirement generally applies only if the plaintiff has not alleged her "best case." *See Dark v. Potter*, 293 F. App'x 254, 256–57 (5th Cir. 2008). Mrs. Sultana-Neill is a highly

a. *Plaintiff's Employment and EEO History*

In December 2004, Mrs. Sultana-Neill began her career with USPS as a seasonal clerk in Anaheim, California. Exhibit A. After receiving permanent employment, she stayed in Anaheim until she transferred to Austin, Texas in May 2011. *Id*. She then transferred into the Austin Plant's maintenance division in February 2014. In June 2015, Mrs. Sultana-Neill filed a discrimination complaint against Dennis Grey, Peter Sgro, and Paul Allen. Exhibit B. Then, in 2016, she filed a second complaint against Mr. Allen alleging that he retaliated against her. Exhibit N. Mrs. Sultana-Neill stayed in the Austin plant until her "trailing spouse" transfer request to San Antonio was granted in January 2018. *Id*. at 296. At the time she arrived in San Antonio, Plaintiff fell under the supervision of Mr. Allen, who was a regional level supervisor. She still works at the San Antonio plant as a maintenance mechanic. Exhibits C, D,. By October 2018, both of her prior EEO claims had been officially closed and Mr. Allen moved to a different office (unrelated to the claims made by Plaintiff against him). Exhibits C,E.

b. *Non-Selection for Acting Supervisory Position ("204B" Position)*

According to the Complaint, at an unstated time Mrs. Sultana-Neill communicated a desire to be considered for a 204B position via email to Lead Maintenance Manager Paul Allen. Dkt. 1, ¶ 30. With regard to the relevant time

---

educated litigant, particularly by *pro se* standards. In the event this Court denies Defendant's Motion to Dismiss, Defendant respectfully requests the Court direct the Plaintiff to file an amended complaint setting out each claim in a separate count and identifying the specific allegations on which each claim is based.

Defendant's Motion to Dismiss                                                                 5

period at issue in this case however, on Wednesday, February 27, 2019, Plaintiff allegedly met with her manager and supervisors to discuss, in part, opportunities for a 204B position. Exhibits C,E, K. The following Monday, March 3, 2019, Plaintiff followed up via email with questions and concerns regarding the selection process for 204B positions. *Id.* Mr. Tolbert, Manager of Maintenance Operations, communicated to Plaintiff that a plan was in development. *Id.* On April 8, 2019, Plaintiff was selected for a 204B position.

c. *Non-Selection for Supervisor Job #10314086*

On June 2, 2019, Plaintiff applied for job #10314086 through an online portal.[3] Exhibit A. The job was a Supervisor of Maintenance Operations at the San Antonio P&DC. Exhibit F. Any career postal employee in the district was eligible to apply. Exhibit F. In addition, career postal employees from outside the district at the same or higher grade were also eligible to apply. *Id.* Plaintiff interviewed for the position on June 20, 2019. Exhibit G. The job was awarded to Sudeep Bhattarai in August 2019. Dkt. 1, ¶ 52(c); *see also* Exhibit G. Mr. Bhattarai was the Supervisor of Maintenance Operations at the Boston, Massachusetts P&DC. Exhibit G. He, therefore, had already been in the position to which he was selected and had over four years of experience in that position. *Id.*

d. *Procedural History*

---

[3] Plaintiff erroneously claims in her Complaint that she applied in May 2019. *See* Dkt. 1, ¶ 52.

Defendant's Motion to Dismiss                                                                                                    6

On April 1, 2019 Mrs. Sultana-Neill initiated the present EEO complaint. Exhibit H.[4] On April 8, 2019, Plaintiff signed her Pre-Complaint Counseling form, indicating that she first requested an appointment with an ADR specialist on March 28, 2019. Exhibit J. Plaintiff asserted claims based only on retaliation, race, and religion. Exhibit J. Plaintiff mailed this form, along with Plaintiff's summary letter of her allegations, on April 12, 2019, and it was received on April 15, 2019. Exhibit K.

Mrs. Sultana-Neill filed a formal complaint of discrimination on August 1, 2019. After Defendant investigated her claims, Plaintiff requested a hearing before the U.S. Equal Employment Opportunity Commission (EEOC). On July 15, 2021, the EEOC Administrative Judge ordered judgment in favor of Defendant based on the notice granting summary judgment, dated January 7, 2021. On August 10, 2021, Defendant issued the notice of final action implementing the EEOC's decision.

### IV. Law and Argument

  a. *Claims Should be Dismissed to the Extent They Are "Untimely."*

Plaintiff's case fails where her claims are not "timely". Federal employees

---

[4] The exact date of Mrs. Sultana-Neill's initial contact with an EEO counselor was contested during the administrative process. *See* Exhibit I (arguing that Plaintiff "contacted" the Postal EEO Office "either by phone or online" on February 23, 2019) *but see also* Exhibit J (PS Form 2564-A, dated April 8, 2019, stating "On 03/28/2019, I requested an appointment with an Alternative Dispute Resolution (ADR) Specialist.") and Exhibit M.130 (USPS letter stating that records show initial contact date as March 28, 2019); Exhibit H (PS Form 2570 stating date of initial contact with EEO Office was April 1, 2019.)

Defendant's Motion to Dismiss                                                                 7

alleging discrimination must timely exhaust their administrative remedies before bringing suit in federal court. *Yee*, 325 F. App'x at 378 (citing *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990)); *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Randel v. U.S. Dept. of Navy*, 157 F.3d 392 (5th Cir. 1998). In order for a federal employee-plaintiff to exhaust administrative remedies, a federal employee-plaintiff must first comply with the EEO regulations as set forth in 29 C.F.R. § 1614.105 *et seq*. The Fifth Circuit bars claims which do not comply with administrative requirements. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002).

To begin, federal employees must "initiate contact with [an EEO] counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *see also Yee*, 325 F. App'x at 378 (citing 29 C.F.R. § 1614.105(a)(1)); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). The requirement to contact the EEO is an integral part of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976); *see also McKart v. United States*, 395 U.S. 185, 195 (1985).  The Fifth Circuit has repeatedly upheld dismissal or summary judgment in cases where a plaintiff has failed to raise an administrative discrimination complaint in a timely manner. *See, e.g., Yee*, 325 F. App'x at 379–80; *Reveles v. Napolitano*, 595 F. App'x 321, 325–26 (5th Cir. 2014); *Bickham v. Miller*, 584 F.2d 736, 737–38 (5th Cir. 1978).

Plaintiff first sought EEO counseling for race and sex discrimination on April 1, 2019. Any allegations which occurred 45 days prior to that initial contact should be dismissed. To the extent Plaintiff may try to assert that the acts more than 45 days prior to her EEO contact are part of a "continuing violation" with the other allegedly discriminatory events within the 45-day period, a "continuing violation" theory applies only in cases involving a hostile work environment claim.  In *Nat'l R.R.*, the Supreme Court held that "the statute precludes recovery for discrete acts of *discrimination* or *retaliation* that occur outside the statutory time period," while allowing behavior outside the time period to contribute to a hostile work environment claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (emphasis added).  The court held "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Id.* at 112; *see also id.* at 113 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").  The court distinguished these discrete act claims from a hostile work environment claim, because hostile work environment claims may occur over a long period and each act may not be actionable on its own.  *Id.* at 115. Therefore, any alleged discriminatory acts which occurred prior to February 15, 2019 (45 days prior to initial contact on April 1, 2019) fall outside the permitted timeframe.

> b. *Plaintiff Fails to State a Plausible Disparate Treatment Claim Based on Sex, Religion, or Age.*

Mrs. Sultana-Neill's complaints of disparate treatment based on her sex, religion, or age fail to state a claim upon which relief may be granted because her

Defendant's Motion to Dismiss                                                                                                         9

allegations are conclusory and not plausible on their face. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 570. An employee presents a prima facie case of Title VII or ADEA discrimination in a non-selection case by showing: (1) she was not promoted and/or hired, (2) she was qualified for the position she sought, (3) she was within the protected class at the time of the failure to promote, and (4) either the position she sought was filled by someone outside the protected class or she was otherwise not promoted because of her protected characteristic. *Gonzalez v. Geren*, No. 3:07-CV-242-KC, 2009 U.S. Dist. LEXIS 18861, at *49-50 (W.D. Tex. Jan. 12, 2009).[5] While such a prima facie case is "an evidentiary standard, not a pleading requirement," *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002), a plaintiff must "plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make their case plausible." *Teague v. Williamson Cty.*, No. 1:18-CV-1098-RP, 2020 WL 2542869, at *5 (W.D. Tex. May 19, 2020).

    i.    Non-Selection for 204b Position

Plaintiff's claims with regard to her non-selection for the 204B position fail because she (1) does not raise any facts to infer that her non-selection for a 204B position between February and April 2019 was motivated by any of her protected

---

[5] *See also Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 179 (5th Cir. 1999) (Title VII sex discrimination claim); *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998) (applying similar formula for ADEA claim); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (ADEA); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004); *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 354-55 (5th Cir. 2001)); *Kim v. Hospira, Inc.*, 709 F. App'x 287, 289 (5th Cir. 2018) (quoting *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam)) (internal punctuation omitted).

statuses, nor (2) does she identify any similarly situated comparators who filled the position between February and April 2019.[6] *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467 (5th Cir. 2016); *English v. Perdue*, 777 Fed. App'x 94, 99–100 (5th Cir. 2019) (affirming dismissal of sex and age discrimination claims because plaintiff did not allege facts demonstrating defendant took action because of race or age); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (citing *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir.1991) ("[W]e require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances.") The "ultimate question" in a Title VII disparate treatment claim remains "whether a defendant took the adverse employment action against a plaintiff *because of* her protected status." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citations omitted and emphasis in original). Therefore, speculation and facts that do not suggest that actions could have been based on an employee's protected class, or that similarly-situated employees outside the employee's protected class were treated more preferentially, are insufficient to survive a motion to dismiss for failure to state a claim. *Raj*, 714 F.3d at 322.[7]  Here, Plaintiff's Complaint fails to allege any

---

[6] In fact, Plaintiff admits she was made an acting supervisor in April 2019 and served in that position until she chose to leave it in December 2019. Dkt. 1, ¶ 38

[7] *See also Twombly*, 550 U.S. 544, 555 (2007) (noting that a plaintiff must plead more than a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" to survive a motion to dismiss) and *Chhim*, 836 F.3d at 470 (affirming a motion to dismiss for failure to state a claim where the plaintiff's complaint presumed superior experience but failed to allege any facts, direct or circumstantial, that would suggest the University's actions were based on the plaintiff's race or national origin

Defendant's Motion to Dismiss                                                                                                  11

facts which would tend to show that this non-selection was based on her protected statuses.

Plaintiff's Complaint also fails to establish a similarly situated comparator. *See Quest*, 2013 U.S. Dist. LEXIS 180241, at *16–17; *Nadeau v. Echostar*, No. EP-12-CV-433-KC, 2013 WL 5874279, at *11 (W.D. Tex. Oct. 30, 2013) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir.2001)). "The comparator employee need not be completely identical to Plaintiff, but Plaintiff and the comparator must be nearly identical in all relevant respects []." *Nadeau*, 2013 WL 5874279, at *11 (citing *Lee*, 574 F.3d at 259–62). But the Complaint only obliquely refers to "Hough McCorkle" and "Stacy Marlbrough" as individuals who may have been named acting supervisors during the relevant time-period but omits any other relevant information. Dkt 1 at ¶ 51(a). This leaves the Court without any factual comparator for discrimination claims based on failure to name Plaintiff as an acting supervisor until April 2019.[8]

    ii.    <u>Non-Selection for Job #10314086</u>

As to the failure to hire Plaintiff for job posting #10314086, Plaintiff once again fails to allege facts establishing that she was treated less favorably than a similarly situated individual. Plaintiff's Complaint only refers to Sudeep Bhattarai,

---

or that the University treated similarly situated applicants of other races or national origin more favorably.)

[8] Stacey Marlbrough is described elsewhere in the Complaint as a 55-year-old African American with no prior EEO activity. Dkt 1 at ¶ 48. There is no additional information on her background or work history in the Complaint.

who was hired for the position she sought and makes various inferences about her interpretation of who the job posting was intended for. Plaintiff's Complaint does not allege any information as to Bhattarai's race, national origin, religion, or age. Moreover, Mr. Bhattarai is not a valid comparator because he was undisputedly more qualified than Plaintiff since he was the Supervisor of Maintenance Operations at the Boston, Massachusetts P&DC. Exhibit G. He had already been in the exact position to which he was selected and had over four years of experience. *Id.*

In short, none of Plaintiff's allegations raises her discrimination claims above the speculative level. *Ferguson v. Sanderson Farms Inc.*, No. 6:17-CV-135-RP-JCM, 2018 WL 6430837 (W.D. Tex. Sept. 17, 2018), report and recommendation adopted, 2018 WL 6430832, 2018 U.S. Dist. LEXIS 224852 (W.D. Tex. Oct. 5, 2018), aff'd, 768 F. App'x 302 (5th Cir. 2019). This Complaint "stops short of the line between possibility and plausibility of entitlement to relief," and the Court should dismiss it accordingly. *See Iqbal*, 556 U.S. at 663

   c. *Plaintiff Fails to State a Plausible Retaliation Claim.*

Plaintiff's retaliation claims are equally conclusory. Title VII prohibits employers from retaliating against an employee who opposes, complains, or files a charge raising her employer's discrimination on the basis of race, color, religion, sex, or national origin. *Davis v. Texas Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454-55 (5th Cir. 2019). To establish a prima facie case of retaliation, the plaintiff must demonstrate that: (1) he engaged in an activity protected by Title

VII or the ADEA; (2) he was subject to an adverse employment action; and (3) there is a causal link between the plaintiff's participation in the protected activity and the adverse employment action. *Holmes v. Drug Enf't Admin.*, 512 F. Supp. 2d 826, 848 (W.D. Tex. 2007) (citations omitted); *see also Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 345 (5th Cir. 2016) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). For the two employment actions at issue, Plaintiff does not that they are either materially adverse nor did the Complaint establish any facts that would create a causal link between her prior protected activity and her various non-selections.

The Complaint's allegations are based on nothing more than the Plaintiff's subjective belief of retaliation. Plaintiff's "subjective belief that he was retaliated against, without more, is not sufficient." *Eberle v. Gonzales*, 240 F. App'x 622, 629 (5th Cir. 2007) (dismissing retaliation claim by federal employee at summary judgment stage); *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017) (dismissing § 1981 retaliation claim at pleading stage); *Pathria v. Univ. of Tex. Health Sci. Ctr.*, 531 F. App'x 454, 455 (5th Cir. 2013) (dismissing Title VI retaliation claim at pleading stage). Further, Plaintiff cannot infer retaliation based on temporal proximity between her EEO activity and any adverse employment action. According to Plaintiff's Complaint, her last EEO complaint prior to the events of 2019 was in 2016. Dkt. 1, ¶ 41. This three-year gap far exceeds the Fifth Circuit's two-month gap between protected activity and an adverse action needed to establish temporal proximity. *See Besser v. Tex.*

*Gen. Land Office*, 834 F. App'x 876, 885 (5th Cir. 2020) ("two and one-half months between the protected activity and the adverse employment decision, standing alone, is not within the 'very close' proximity that is necessary to establish causation."); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (approving cases finding three-and-four-month periods between protected activity and adverse employment action failed to establish prima facie case); *Myers v. Crestone Int'l, LLC*, 121 F. App'x 25, 28 (5th Cir. 2005) (holding adverse action three months after complaints of discrimination was insufficient to establish a causal connection).

    *d. Plaintiff's Remaining Discrimination Allegations Do Not Rise to the Level of Adverse Actions.*

The Court should dismiss all of Plaintiff's remaining discrimination claims because the Complaint fails to plead an adverse ultimate employment decision in connection to each of the alleged acts of discrimination. A plaintiff must establish an adverse ultimate employment decision to prevail on a discrimination claim. *Pryor v. Wolfe*, 196 F. App'x 260, 262–63 (5th Cir. 2006) (holding that *Burlington's* "materially adverse" standard only applies to Title VII retaliation claims, and plaintiffs must still establish an adverse "ultimate employment decision" to prevail on their Title VII discrimination claims).

An adverse employment action "refers to an employment decision that negatively affects the compensation, terms, conditions, or privileges of employment." *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) (per curiam) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281–82 (5th Cir.

Defendant's Motion to Dismiss                                                                                                                   15

2004)).  Further, for purposes of Title VII disparate treatment claims, "[a]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 284 (5th Cir. 2015) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 559–60 (5th Cir, 2007)).  An employment action that has a "mere tangential effect on a possible ultimate employment decision" does not rise to the level of an adverse employment action. *Jackson*, 601 F. App'x at 284 (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

Here, Plaintiff does not allege any actions that are ultimate employment decisions, other than possibly the failure to hire her for job posting #10314086. Thus, all of Plaintiff's other discrimination claims should be dismissed because they were not ultimate employment decisions.

## V.     Conclusion

For the reasons stated above, Defendant respectfully requests the Court dismiss Plaintiff's Complaint in its entirety.

        Respectfully submitted,

        **Ashley C. Hoff**
        United States Attorney

By:   */s/ James E. Dingivan*
        **James E. Dingivan**
        Assistant United States Attorney
        Texas Bar No. 24094139
        Matthew Mueller
        Assistant United States Attorney
        Texas Bar No. 24095592
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        (210) 384-7372 (phone)
        (210) 384-7312 (fax)
        james.dingivan@usdoj.gov
        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on January 3, 2022, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system. Additionally, I will serve the following non-CM/ECF participant via certified mail, return receipt requested:

Mosammat Sultana-Neill
13630 Landmark Hill
San Antonio, TX 78217-1721

*/s/ James E. Dingivan*
**JAMES E. DINGIVAN**
Assistant United States Attorney