Mosammat M. Sultana-Neill
13630 Landmark HL.
San Antonio, TX 78217-1721
msneill34@gmail.com



FILED

JAN 18 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### 655 E César E. Chávez Blvd.
### San Antonio, TX 78206

| | | |
|---|---|---|
| **MOSAMMAT M. SULTANA-NEILL,** | : | |
| **Plaintiff** | : | |
| v. | : | Civil Action No. 5:21-cv-01008 |
|  | : | FB-HJB |
| **LOUIS DEJOY,** | : | |
| **US POSTMASTER GENERAL,** | : | Bench Decision Requested |
| **US POSTAL SERVICE,** | : | |
|  | : | |
| **Defendant.** | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, pro se, hereby responds in opposition to Defendant's Motion to Dismiss, submitted on January 3, 2022. Defendant's Motion must be denied, as it discusses only two allegations. In the Complaint, Plaintiff raised the following 10 allegations of discrimination and retaliation based on her race (Southeastern Asian), national origin (Bangladesh), religion (Islam), age (born in 1969), and based on her prior EEO activity when:

1. From January 2015 through May 28, 2015 Paul Allen, Lead Maintenance Manager, declined Plaintiff's request to interview with a district level panel for a Level 09 Mail

1

Processing Equipment (MPE) mechanic position. Court Doc. #1: Complaint, p. 8 at par. 43.

2. In late January 2018 William Hatley, Tools and Parts Manager, ignored Plaintiff's request for an interview to be added to the registry for promotion to Mail Processing Equipment (MPE) machanic position. Id., par. 44.

3. On March, 2018, July 2018, and on September 3, 2018 Plaintiff's request for an interview for the MPE mechanic position in the open season selection process was denied. Id., par. 46. Id., p. 9, par. 46; p. 10, par. 48.

4. From January 2018 to present, including July 19, 2018, Plaintiff was denied an open 204B Acting Supervisory position. Id., pp.. 8-9, par. 45a, d; p. 9, par. 47.

5. On January 11, 2019 and on February 23, 2019, William Hatley, Tools and Parts manager, failed to put Plaintiff's name in the updated promotion roaster for 204B Acting Supervisory position. Id., p. 11, par. 49; p. 12, par. 50.

6. Between December 18, 2019 and mid March 2020 Cory Lunford, Acting Manager, and Paul Allen, Area Maintenance Manager, denied Plaintiff the 204B Acting Supervisory position. Id., p. 12, par. 51.

7. Between December 18, 2019 and mid March 2020 Virgil Tolbert, ???, and Robert Spagnolia denied Plaintiff the opportunity to fill the vacant 204B Acting Supervisory position. Id., p. 14, par. 53.

8. On September 9, 2019 Robert Spagnolia, Lead Maintenance Manager, denied Plaintiff a promotion to Supervisor of Maintenance Operations (Job. #10314086). Id., p. 12, par. 52.

9. On December 19, 2019 Marlon Cardenas, Supervisor Maintenance Operations (SMO), denied Plaintiff the motor replacement training opportunity by order her to take lunch break during the training hour. Id., p. 14, par. 55.

10. On May 16, 2020 Eduardo Pena (SMO) and Deborah Galbreith (SMO) threatened Plaintiff with disciplinary action. Id., p. 15, par. 56.

Defendant's claim of untimely filing, on April 1, 2019, is false. Defendant Motion, p. 7. On February 23, 2019 Plaintiff contacted the Defendant's EEO office "either by phone or online." Court Doc. #6-9; Exhibit A: a complete Lee letter to EEO Services Analyst Prethenia Johnson on September 6, 2019 with the missing second page; Ex B: Mosammat Sultana-Neill's September 5, 2019 Affidavit. On that day, Plaintiff was ready and willing to file an EEO complaint regarding Mr. Hatley's exclusion of her name on the promotional roaster he updated on January 11, 2019. Id. When she contacted the EEO on February 23, 2019, she could not talk to anyone about her allegations. She was only asked about her name and address. Ex A and B. No one told her abut the 45-day jurisdictional time limits. Id. After her initial contact on February 23, 2019, she received a pre-complaint/informal EEO package, in which she was informed of the 15-day time limits within which to submit the informal EEO complaint. Id. There was no mention of the 45-day jurisdictional time limits. Id. Plaintiff submitted the pre-complaint package on time within 15 days of receipt. Id.

Mr. Chungsoo J. Lee, Plaintiff's then representative, contested the April 1, 2019 date, the date EEO Alternative Dispute Resolution Specialist, Andrea J. Baum, falsely reported as the "initial EEO contact" date. Ex A and Ex C: EEO Counselor's Report dated August 13, 2019.

3

Lee further argued based on Ms. Baun's EEO Counseling Report:

> [Counselor Baum] put June 5, 2019 as the date on which the "Initial Interview" was conducted. Upon speaking with Ms. Sultana-Neill today, I learned that no interview was ever conducted [in violation of 29 C.F.R. § 1614.105]. Complaint recalls, instead, dropping off some papers in Ms. Baum's office upon Ms. Baum's request that day [June 5, 2019]. The counselor's report is erroneous. I must infer from this that the Postal EEO office's record cannot be [deemed] trustworthy. Strict proof is request upon which you determine that Complainant 'requested pre-complaint processing on March 28, 2019.' This statement is false.

Exhibit A. p. 2; Ex C : Baum's EEO Counselor Report of August 13, 2019, p. 1; Ex D: Prethenia Johnson letter to Sultana-Neill dated August 22, 2019, p. 3.

EEO Counselor's recording of April 1, 2019 as Plaintiff's initial contact with EEO counselor is incorrect (Ex C, p. 1), because it contradicts EEO Services Analyst's August 22, 2019 letter regarding "Partial Acceptance/Partial Dismissal of Formal EEO Complaint," in which the initial contact with EEO counselor is recorded to be March 28, 2019, not April 1, 2019. Ex D, p. 3. As Mr. Lee's September 6, 2019 letter indicates, Defendant's EEO office's record cannot be trusted, as the date marked by the EEO counselor (April 1, 2019) was inconsistent with the date marked by EEO Services Analysist (March 28, 2019) for the date on which Plaintiff's initial EEO contact supposedly had taken place. Instead, Plaintiff's September 5, 2019 affidavit statement must be trusted, in which she recalls initiating the EEO contact on February 23, 2019. Ex B.

Based on Plaintiff's initial EEO contact on February 23, 2019, the claims identified above from #5 through #10 are timely filed. Agency acknowledges Plaintiff's timely filing of the formal EEO complaint on August 1, 2019, her timely filing of the amended complaints on September 4, 2019. Ex E: Acknowledgment of Amended Complaint, dated September 11, 2019.

In the Motion, Defendant falsely claims that Claim #5 through Claim #10 lack specificity

4

to calculate tangible harm or otherwise fail to state a claim. This is not true. Denied promotional opportunity, non-selection, denied training opportunity, and threat of disciplinary action are tangible acts of harm for which specific remedies can be awarded, including lost wages and benefits. The allegations are specific and contain particular facts sufficient to litigate.

Defendant further asserts falsely that Plaintiff failed to identify the similarly situated individuals against whom she compares herself as adversely treated. Defendant must be blind. For denied opportunity to serve in the 204B Action Supervisor position, Defendant identified the following individuals as being more favorably treated by the same management: Stacey Malbrough, Dough McCorkle. Court Doc. #1, p. 14, par. 53a. For non-selection to the Supervisory position, Plaintiff identified the following similarly situated individuals who were more favorably treated by the same management: Stacey Malbrough, Michael Aguillon, Cornel Freeman, John Kijanka, Damon Wright, Ana Amesqua, Oscar Tamez. Court Doc. #1, p. 10, par. 48a; id., p. 11, par. 48b. For the non selection to the Supervisory Maintenance Operations position, as notified in September 2019; Plaintiff compares herself to the selectee, Mr. Sudip Bhatairi, Male with no prior EEO activity. He was not even eligible to apply for the position, as he was employed outside the Rio Grande District for which the vacancy announcement was posted. Court Doc. #1, p. 13. Plaintiff suspects that the selectee, Bhatairi, did not even apply for the vacant position in question (job number 10314086) that was posted in May 2019. Discovery must be authorized.

Based on the foregoing, Defendant's Motion To Dismiss must be denied. Plaintiff timely initiate her EEO contact on February 23, 2019; her claims are specific and sufficiently articulated

5

in detail to entail tangible remedies that could be awarded. Plaintiff did not fail to state a claim. Plaintiff identified appropriate individuals that were similarly situated and were treated more favorable than her. Her claims meet the *prima facia* case of discrimination and retaliation, as alleged. The Complaint must be accepted and discovery must be authorized.

Respectfully Submitted,

/s/ Mosammat M. Sultana-Neill
Mosammat M. Sultana-Neill
13630 Landmark HL.
San Antonio, TX 78217-1721
msneill34@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the above documents (Plaintiff's response to Defendant's motion to dismiss and the accompanying Exhibits A-E) were served on the parties identified below on the date of the signature below by means indicated below:

THE UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TEXAS
655 E César E. Chávez Blvd.
San Antonio, TX 78206

Via Hand-delivery

Ashley C. Hoff, US Attorney
James E. Dingivan, Assistant US Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX. 78216

Via Priority Mail

Date:  January 18, 2022

*Mosammat Sultana-Neill*

/s/ Mosammat M. Sultana-Neill
Mosammat M. Sultana-Neill
13630 Landmark HL.
San Antonio, TX 78217-1721
msneill34@gmail.com

7