

**EEOC hearings**
**MSPB hearings**
**EEO representation**
**OFO appeals**

EEO21

275 E. Street Road, #27
Feasterville, PA 19053
215-939-5831  (f) 215-795-4941
www.eeo21.com  cslee@eeo21.com

*Federal EEO specialist serving nationwide from Philadelphia*

September 6, 2019

Via Priority Mail

Prethenia Johnson
EEO Services Analyst
USPS EEO
PO Box 21979
Tampa, FL  33622-1979

      Re:   Mosammat Sultana-Neill vs. USPS
             Agency Case No: 1G-781-0059-19

Dear Ms. Johnson:

In my September 4, 2019 letter I wrote you in response to your August 22, 2019 notice of accepted and dismissed issues, I stated: "While I have no objection on the dismissal (as untimely filed) of the two out of the three claims filed formally by Complainant on or about August 1, 2019, I do object to your revision of the timeframe pertaining to the third and accepted claim." My objection to the change on the accepted claim still stand: the claim regarding the denied acting supervisor role.

This letter is to object to your dismissal of the Claim #2, which you articulated as follows:

      (2) On January 11, 2019 you were denied the opportunity to interview for a promotion.

The denial involves exclusion of Complainant's name in the roster of promotional candidates, which Mr. Hatley compiled and updated on January 11, 2019.

You dismissed the Claim #2 just cited above on the grounds that it was filed untimely: that the file date of March 28, 2019 was beyond the 45-day jurisdictional time limits. More specifically, you stated: "The record reflects that you requested pre-complaint processing on March 28, 2019." This is not true.

On February 23, 2019 Complainant, Ms. Saltana-Neill, contacted the Postal EEO office either by phone or online. She was ready and willing to file an EEO complaint regarding Mr. Hatley's exclusion of her name on the promotional roster he updated on January 11, 2019. When she contacted the EEO office, she could not talk to anyone about her allegations. She was only asked about her name and address. No one told her about the 45-day jurisdictional time limits. See attached Ms. Saltana-Neill's affidavit dated September 5, 2019.

In late February, 2019, Complainant received the package containing the pre-complaint/informal EEO process papers. It also informed her that she had 15 days to submit the package to the Postal EEO office. Nothing was said about the 45-day jurisdictional time limits in the package. She submitted the package within 15 days of receipt to the Postal EEO office in Tampa, Florida. See the aforementioned affidavit.

**Ex A**

The counselor, Andrea J. Baum's August 13, 2019 EEO Alternative Dispute Resolution Specialist's Inquiry Report indicates yet another erroneous date, April 1, 2019, as the "Initial Contact with EEO Office." This is false. Furthermore, She put June 5, 2019 as the date on which the "Initial Interview" was conducted. Upon speaking with Ms. Sultana-Neill today, I learned that no interview was ever conducted. Complainant recalls, instead, dropping off some papers in Ms. Baum's office upon Ms. Baum's request that day. The counselor's report is erroneous. I must infer from this that the Postal EEO office's record cannot be trustworthy. Strict proof is requested upon which you determined that Complainant "requested pre-complaint processing on March 28, 2019." This statement is false.

Complainant requested the pre-complaint processing on February 23, 2019, as she states under declaration in her affidavit. Therefore, her initial contact with EEO office took place on February 23, 2019--well within the 45-day time limits.

Accordingly, the dismissed claim #2 must be accepted as timely filed.

Moreover, the claim is not clearly written. It should be stated, as was filed, as follows:

> (2)' On January 11, 2019 Mr. Hatley excluded Complainant's name from the promotional roster he updated on that day.

Should you have any questions, please feel free to contact me at 215-939-5831 or email me at CSLee@eeo21.com.

Sincerely,

Chungsoo J. Lee
Complainant Representative


cc: Mosammat Sultana-Neill

09052019 Affadavit

Complainant Affidavit

Re: Mosammat Sultana-Neill vs USPS, 1G-781-0059-19
Sept. 5, 2019

My name is Mosammat Sultana-Neill. I am the Complainant in the matter referenced above.

As I have filed in my August 1, 2019 formal EEO complaint, on January 11, 2019 Mr. Hatley completed the promotional process and updated the roster, excluding my name as a viable candidate for the promotion.

On February 23, 43 days thereafter, I contacted the Postal EEO office either by phone or online. I was ready and willing to file an EEO on the Hatley's exclusion of my name on the promotional roster he updated on January 11, 2019. But I could not talk to anyone. I was only asked about my name and address. No one told me about the 45 day jurisdictional time limits.

In late February I received the package containing the pre-complaint/informal EEO process and the complaint form. It also informed me that I had 15 days to submit the package. Nothing was said about the 45 day jurisdictional time line in the package.

Within 15 days I submitted the package to the Postal EEO office in Tampa, Florida.

Declaration

I declare under the penalty of perjury that the above is true.

Sincerely,

*Mosammat Sultana-Neill*

Mosammat Sultana-Neill

Page 1

**Ex B**


**UNITED STATES POSTAL SERVICE**®

| EEO Alternative Dispute Resolution Specialist's (ADRS) Inquiry Report | Case Number 1G-781-0059-19 |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

### Complainant

**Name (Last, First, MI):** Sultana-Neill, Mosammat
**EIN (or SSN for Applicant):** 3558054
**Home Address:** PO Box 65183, San Antonio TX 78265
**Work Address:** SA Plant, 1 Post Office Dr, San Antonio TX 78284-9997
**Home Telephone Number:** 512-815-4787
**Email Address:**
**Office Telephone Number:**
**Position Title:** MM07
**Position Level:** 07
**Tour:** 1
**Duty Hours:** 0700-1530
**Off Days (For Tour I, record of nights off):** Sat/Fri
**Is EEO Poster 72 on Display in Complainant's Facility?** ☒ Yes, verified on (date) February 14, 2019   ☐ No
**Preference Eligible:** ☐ Yes ☒ No
**Mixed Case:** ☐ Yes ☒ No
**MSPB Appeal Filed?** ☒ No ☐ Yes If Yes, Date Filed: ____

### Chronology of Informal Process

**Date(s) of Incident(s):** September 3, 2018
**Date of Initial Contact with EEO Office:** April 1, 2019
**Date of Initial Interview:** June 5, 2019
**REDRESS™ Overview:** ☒ Yes ☐ No
**ADR Election Form Signed:** ☒ Yes ☐ No
**60 Day Extension Form Signed:** ☐ No ☒ Yes If Yes, Expiration Date: June 26, 2019
**Date Complainant Signed or Received Notice of Right to File:** July 19, 2019
**Date DRS Report Requested:** August 6, 2019
**Date DRS Report Submitted:** August 13, 2019

### Basis for Alleged Discrimination

Check and Particularize Each that Applies

☒ 1. Race (Specify): Indian
☐ 2. Color (Specify):
☒ 3. Religion (Specify): Islam
☐ 4. Sex (Specify):
☐ 5. Sex (Specify LGBT):
☒ 6. National Origin (Specify): Bangladesh

☒ 7. Age (Specify): 50 years old
☐ 8. Physical Disability (Specify):
☐ 9. Mental Disability (Specify):
☐ 10. Genetic Information (Specify):
☒ 11. Retaliation (Specify Cited Prior EEO Activity):
1G-781-0050-14
1G-781-0064-15
1G-781-0044-16

**Discrimination Claim(s):**

Counselee alleges discrimination on the above factors when on 1) January 6, 2018, she transferred to the San Antonio Plant and management failed to honor her request to interview and retake the exam for MPE, Level 09 positions, 2) on July 19, 2018, management denied her request for a detail to an Acting Supervisor position, 3) on September 3, 2018 management denied her opportunity to apply for the open season process.

RECEIVED

AUG 16 2019

NEEOISO

**Requested Resolution**

Counselee requests 1) retroactive promotion to MPE, Level 09 as of December 8, 2018 with corresponding salary differential, 2) next available supervisor position, 3) $300,000 in compensatory damages and $3,000 for representative fees.

PS Form 2570, October 2015 (Page 1 of 3)

00017

Page 3 of 84

Ex C



## EEO Dispute Resolution Specialist's Checklist

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* – an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: _____

Title: _____   Telephone Number: _____

Fax Number: _____   Email Address: _____

Mailing Address: _____

☐ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID _x_ / DID NOT ___ waive anonymity.

☐ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☐ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☐ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS ___ / HAS NOT ___ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the NEEOISO-EEO Contact Center and the EEOC if the representative's or his/her mailing address change.

☒ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

Counselee was notified during the initial interview that her complaint could be considered as untimely since the issues mentioned were from 2017 and 2018 and not within the 45-day timeframe from the incident date of September 3, 2018.

## Dispute Resolution Specialist's Inquiry

**Brief Summary of Inquiry (If applicable)**

Counselee alleges that Paul Allen, Manager, Maintenance and William Hatley, Manager, Maintenance Operations Support failed to honor her request to retake exam for MPE position. She stated on July 19, 2018, Allen sent her correspondence denying her request for a 204B detail. She stated on September 3, 2018, Hatley denied her open season request but then contradicted himself when granted her request for the open season ET test.

William Hatley, Manager, Maintenance Operations Support stated Counselee was enrolled into the ePAS system in May 2018 per her request to retake the exam. He stated she failed to report for the test, therefore, she failed to complete the process.

Paul Allen, Manager, Maintenance received Counselee's request for 204B detail and sent her correspondence on July 19, 2018 indicating she needed to improve her work performance and attendance if she wanted a leadership role. Hatley stated on September 3, 2018 he denied Counselee's open season process because she already had current ratings for the MPE and ET positions which has to go through the update process.

DRS Notes: On the PS Form 2564-A requested on March 28, 2019, Counselee did not claim discrimination factors of Age or National Origin nor did she provide that information during the initial interview on 6/5/2019 or at any time during the pre-complaint process. On original PS Form 2564-A requested on March 28, 2019, Counselee stated the incident date was September 3, 2018 but on the PS Form 2565 she has indicated an incident date of April 7, 2019 which was not stated in the initial interview or pre-complaint process. During initial interview, Counselee stated Management was in violation of the union contract regarding her request for update of registers for positions and never filed grievances on the issues in this EEO complaint. REDRESS was not scheduled since there was no response from Mr. Allen to participate.

See Continuation Page? ☐ Yes  ☒ No

### REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)

| Date of mediation | Disposition |
|---|---|
| | ☐ Resolved    ☒ Not Resolved |

### Summary of Final Interview

On June 24, 2019, PS Form 2579-A and PS Form 2565 were mailed to the counselee (via Priority Mail/Signature Confirmation 2310 1590 0000 5335 2449). Counselee received forms on July 19, 2019.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4)<br>**1 Post Office Drive**<br>**San Antonio, TX 78284-9411** | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4)<br>**PO Box 940609**<br>**Plano, TX 75094-0609** | |
|---|---|---|
| Specialist's Office Telephone No.<br>**(210) 368-1605** | Specialist's Office Hours<br>**0850 - 1750** | |
| Signature of EEO Dispute Resolution Specialist | Typed Name of EEO Dispute Resolution Specialist<br>Andrea J Baum | Date<br>08/13/2019 |

PS Form **2570**, October 2015 *(Page 3 of 3)*

National EEO Investigative Services Office


**UNITED STATES POSTAL SERVICE**

# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY
# IN THE MATTER OF:

MOSAMMAT SULTANA-NEILL
13630 Landmark Hill
San Antonio, TX 78217-1721
Complainant

Delivery Confirmation Complainant:
**9114 9023 0722 4371 0251 09**
Delivery Confirmation Representative:
**9114 9023 0722 4371 0250 93**

v.

MEGAN J BRENNAN
Postmaster General
United States Postal Service
Southern Area
Agency.

Agency Case Number: **1G-781-0059-19**

Date Formal Filed: August 1, 2019

## PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT

The agency acknowledges the receipt of the formal complaint of discrimination referenced above. Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report. This is the Postal Service's **partial acceptance/partial dismissal** of the above-cited discrimination complaint.

<u>Specific Issue(s):</u>[1] You allege you were subjected to discrimination based on Race (Southeast Asian), National Origin (Bangladesh), Age (DOB: 03/10/1969), Religion (Islam) and Retaliation (Prior EEO Activity) when:

1) Beginning June of 2017 through January of 2018, your request for a lateral transfer was not granted.

2) On January 11, 2019, you were denied the opportunity to interview for a promotion.

3) Beginning February 11, 2019[2] through April 7, 2019 you were not afforded the opportunity to detail as an Acting Supervisor (204-B).

---

[1] On the PS Form 2565, Formal Complaint and attachments, you provided additional information this information is noted, and is regarded as background.

[2] Under part 29 C.F.R. 1614.105(a) (1), an aggrieved person must initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory. Any discrete acts which occurred more than 45

P.O. Box 21979
Tampa, FL 33622-1979

Page 1 of 13

00114

Ex D

2

### A. Partial Acceptance

A portion of the complaint has been accepted for investigation:

<u>Specific Issue(s):</u> You allege you were subjected to discrimination based on Race (Southeast Asian), National Origin (Bangladesh), Age (DOB: 03/10/1969), Religion (Islam) and Retaliation (Prior EEO Activity) when:

1) Beginning February 11, 2019 through April 7, 2019 you were not afforded the opportunity to detail as an Acting Supervisor (204-B).

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined <u>accepted</u> issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

### B. Partial Dismissal

The investigation will not involve the following issue(s) which you raised in your complaint.

<u>Specific Issue(s):</u> You allege you were subjected to discrimination based on Race (Southeast Asian), National Origin (Bangladesh), Age (DOB: 03/10/1969), Religion (Islam) and Retaliation (Prior EEO Activity) when:

1) Beginning June of 2017 through January of 2018, your request for a lateral transfer was not granted.

2) On January 11, 2019, you were denied the opportunity to interview for a promotion.

## CHRONOLOGY

calendar days prior to March 28, 2019 (when you initially contacted the EEO office) are untimely. Please note that 45 days prior to the date of contact is **February 11, 2019.**

Page 2 of 13

3

The record reflects that you requested pre-complaint processing on **March 28, 2019**, and received a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) on **July 19, 2019**. Subsequently, on **August 1, 2019**, you filed a formal complaint of discrimination with the agency.

ANALYSIS AND CONCLUSION

**CLAIM # 1 AND # 2**

Based on the Case Chronology just described, your request for pre-complaint counseling for claim # 1 was made at least **420 days** and claim # 2 was made at least **75 days** after the issue to be discriminatory.

29 C.F.R. §1614.107(a) (2) states that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to comply with the applicable time limits contained in 29 C.F.R. §1614.105(a) (1) which specifies that an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. §1614.105(a)(2) states that the agency shall extend the 45-day time limit when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Title VII prohibits "unlawful employment practices." The term "practice" has repeatedly been interpreted to apply to a discrete act or single "occurrence," even when it has a connection to other acts. Each discrete act starts the limitations period and complainants who believe that they have been discriminated against in connection with such a discrete act must request counseling within the 45-day time period established in EEOC regulations 29 C.F.R. §1614.107(a)(2). In *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101 (2002), the Supreme Court stated, "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Elsewhere, the Court noted, "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the... [statutory]... time period after the discrete discriminatory act occurred." The Office of Federal Operations has acknowledged that where a discrete act is involved in a complaint, a complainant must seek counseling within the established forty-five day period. See *Cornwell v. Department of Interior,* EEOC Appeal No. 01A04763 (April 10, 2003).

In the instant claim, you alleged discrimination when beginning June of 2017 through January of 2018, your request for a lateral transfer was not granted. You further alleged discrimination when on January 11, 2019, you were denied the opportunity to interview for a promotion.

Page 3 of 13

4

These discrete acts which occurred on a specific date and had an instant effect on a term or condition of your employment. Applying the standards announced in *Morgan*, you were obligated to request pre-complaint counseling no later than 45 days from the date of this discrete act.

The Commission has adopted a "reasonable suspicion" standard to determine when the 45-day limitation period is triggered. *See Davis v. Department of the Air Force*, EEOC Appeal No. 01A21734 (March 18, 2003) and *Bowser v. U.S. Postal Service*, EEOC Appeal No. 01A05301 (June 13, 2002), both citing *Howard v. Department of the Navy*, EEO Request No. 05970852 (February 11, 1999). Moreover, the Commission has held that waiting until one obtains "proof" of discrimination similarly will not toll the time limit. *See Hernandez v. U.S. Postal Service*, EEOC Appeal No. 01A43044 (September 10, 2004) and *Bracken v. U.S. Postal Service*, EEOC Request No. 05900065 (March 29, 1990).

You did not claim that you were unaware of the time limit for contacting an EEO Counselor and the record contains an affidavit attesting to the fact that the EEO poster is appropriately displayed at your facility. In *Yashuk v. U.S. Postal Service*, EEOC Request No. 05890382 (June 2, 1989), the Commission stated that, "...constructive knowledge will be imputed to an employee where an employer has fulfilled [its] statutory obligation by posting notices informing employees of their rights and obligations under Title VII...."

In addition, the record reflects that you have engaged in prior EEO activity so you are deemed to have constructive knowledge of the EEO complaint process and the applicable time periods for filing claims. You have filed at least three (3) prior EEO claims, case # 1G-781-0050-14, 1G-781-0064-15 and 1G-781-0044-16.

Moreover, we note that your use of the negotiated grievance procedure does not toll the time limit for contacting an EEO Counselor. *See Schermerhorn v. U.S. Postal Service*, EEOC Request No. 05940729 (February 10, 1995). Additionally, the Commission has consistently held that the use of internal agency procedures, such as union grievances and other remedial processes does not toll the time limit for contacting an EEO Counselor. *See Kramer v. U.S. Postal Service*, EEOC Appeal 01954021 (October 5, 1995); *Williams v. U.S. Postal Service*, EEOC Request No. 05910291 (April 25, 2991); *Ellis v. U.S. Postal Service*, EEOC Request No. 01992093 (November 29, 2000).

Since your request for pre-complaint counseling was made more than 45 days after the issue alleged to be discriminatory your complaint is now **dismissed** as untimely in accordance with 29 C.F.R. §1614.107(a) (2).

There is no right to appeal this decision at this time. (See 29 Code of Federal Regulations, Part 1614.107). A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint. You have the right to submit a statement for the record providing your position of this dismissal. You should submit this statement to the Manager, National EEO Investigative Services Office, P.O. Box 21979, Tampa, Florida 33622-

Page 4 of 13

1979. If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

**When the investigation is completed**, you will receive a copy of the investigative report and you will be notified of your right to request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge **or** of your right to a final decision by the agency head or designee without a hearing. **Please note: your investigative report will be sent to you via priority mail, signature confirmation and will require you to sign for receipt.** You may request a final agency decision without a hearing, at the appropriate time, by addressing your request to NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

**Hearings Unit**
**EEOC San Antonio District Office**
**5410 Fredricksburg Road #200**
**San Antonio, TX 78229-3550**

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Manager, National EEO Investigative Services – Hearings, P. O. Box 21979, Tampa, FL 33622-1979 with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager, National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979, at any time up to 30 calendar days after receipt of the investigative report.

6

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, D.C. 20013-8960. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Manager, National EEO Investigative Services Office, P. O. Box 21979, Tampa, FL 33622-1979.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

*Prethenia Johnson*
Prethenia Johnson
EEO Services Analyst

August 22, 2019
Date

Cc: Chungsoo J. Lee, PO Box 27, Feasterville, PA 19053-0027

Enclosures:   PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
Report of Investigative File Media Selection Form

Page 6 of 13

00119

National EEO Investiga Services Office



# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY
# IN THE MATTER OF:

MOSAMMAT SULTANA-NEILL
13630 Landmark Hill
San Antonio, TX 78217-1721
Complainant,

v.

MEGAN J BRENNAN
Postmaster General
United States Postal Service
Southern Area
Agency.

USPS Tracking No. Complainant:
  9114 9023 0722 4360 6004 85
USPS Tracking No. Representative:
  9114 9023 0722 4360 6004 78

Agency Case No. 1G-781-0059-19

Date Filed Formal: August 1, 2019

## ACKNOWLEDGEMENT OF AMENDMENT TO COMPLAINT

The agency acknowledges the receipt of your EEO Contact dated September 4, 2019. Title 29 C.F.R. §1614.106 (d), permits the amendment of a pending EEO complaint to add claims that are like or related to those claims raised in the pending complaint. There is no requirement that the complainant seek or receive counseling on these new claims. The additional matters raised in your contact are considered like or related to the matters raised in your formal complaint filed on August 1, 2019. Therefore your complaint is hereby amended.

Specific Amended Issue: You allege you were subjected to discrimination based on Race (Southeast Asian), National Origin (Bangladesh), Sex (Female), Religion (Islam) and Retaliation (Prior EEO Activity) when:

4. On August 19, 2019, you were not awarded a Supervisor position which had been posted District-wide because it was awarded to an employee from outside the District.

**The issues now accepted for investigation include only the following:**

Specific Issue(s): You allege you were subjected to discrimination based on Race (Southeast Asian), National Origin (Bangladesh), Age (DOB: 03/10/1969), Religion (Islam) and Retaliation (Prior EEO Activity) when:

- 2 -

1. Beginning February 11, 2019 through April 7, 2019 you were not afforded the opportunity to detail as an Acting Supervisor (204-B).

You also allege you were subjected to discrimination based on Race (Southeast Asian), National Origin (Bangladesh), Sex (Female), Religion (Islam) and Retaliation (Prior EEO Activity) when:

4. On August 19, 2019, you were not awarded a Supervisor position which had been posted District-wide because it was awarded to an employee from outside the District.

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined <u>accepted</u> issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

The investigation must now be completed within the earlier of 180 days of this amendment or 360 days from the date the original complaint was filed, except that you may request a hearing on the original complaint and amendments to it at any time after 180 days from the date the original complaint was filed. You may request a hearing by sending your request, in writing, within the applicable time period, to:

**Hearings Unit**
**EEOC San Antonio District Office**
**5410 Fredricksburg Road #200**
**San Antonio, TX 78229-3550**

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

Page 2 of 4

00111

- 3 –

**When the investigation is completed**, you will receive a copy of the investigative report and you will be notified of your right to request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge **or** of your right to a final decision by the agency head or designee without a hearing. **Please note: your investigative report will be sent to you via priority mail, signature confirmation and will require you to sign for receipt.** You may request a final agency decision without a hearing, at the appropriate time, by addressing your request to NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the address stated above.

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the National EEO Investigative Services – Hearings, P.O. Box 21979, Tampa, FL 33622-1979 with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the National EEO Investigative Services Office - Hearings, P.O. Box 21979, Tampa, FL 33622-1979, at any time up to 30 calendar days after receipt of the investigative report.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, D.C. 20013-8960. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Manager, National EEO Investigative Services Office, P. O. Box 21979, Tampa, FL 33622-1979.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Page 3 of 4

00112

- 4 -

*Lee Davis*                               September 11, 2019

Lee Davis                                 Date
EEO Services Analyst

Cc: Chungsoo Lee, PO Box 27, Feasterville, PA 19053-0027