UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MOSAMMAT M. SULTANA-NEILL<br><br>*Plaintiff,*<br><br>v.<br><br>LOUIS DEJOY, in his official capacity as Postmaster General<br><br>*Defendant.* | Civil Action No. 5:21-cv-01008-FB |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Rule CV-7(f), and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Louis DeJoy, in his official capacity as Postmaster General at the United States, respectfully submits this Reply in Support of the Motion to Dismiss.

I.  **Plaintiff's Response**

The government's Motion to Dismiss (Dkt 6) argued that Mrs. Sultana-Neill's claims should (1) be dismissed to the extent they were untimely presented during the administrative process, and that (2) those claims which were properly presented did not establish a *prima facie* case of discrimination or retaliation.

In response, Plaintiff argues first that her contact with the EEO office occurred on February 23, 2019, thereby extending the 45-day window in which the discrete acts of discrimination must have occurred back to January 9, 2019. Dkt 7 at p. 2. She then argues that her claims contain allegations of "tangible acts of harm" sufficient to litigate and that she properly identified a series of comparators for the 204B

Defendant's Reply in Support of its Motion to Dismiss

1

position. *Id.* at pp.4-5. Lastly, she renews her misunderstanding of the circumstances under which Mr. Sudeep Bhattarai was hired. *Id.* Mrs. Sultana-Neill's response fails to properly address Defendant's arguments except to aver, *ipse dixit*, that because she is a southeast Asian Muslim woman in her sixties with a history of prior protected activity, the agency discriminated and retaliated against her when it selected certain other individuals for a 204B and/or supervisor of maintenance operations position.

## II.    Defendant's Reply

Nothing in Plaintiff's response should persuade this court to deny Defendant's Motion to Dismiss. Plaintiff does not cite to any legal authority in her response, let alone any authority that would counter that set forth in the Motion to Dismiss. Plaintiff's Response simply restates the claims already made in the original complaint, without providing any additional factual material from which this court could plausibly infer that any of the agency's actions in this case were taken because of Mrs. Sultana-Neill's protected statuses or her prior EEO activity.

Based on the contents of the response, Mrs. Sultana-Neill's complaint should be one of the rare cases where the opportunity to amend is denied a pro se Plaintiff. "Generally, a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). However, the Fifth Circuit has recognized exceptions to this rule when the party has had the opportunity to allege its "best case." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986). In *Jacquez*, the Fifth Circuit upheld a dismissal with prejudice where "the plaintiff

repeatedly represented that his complaint adequately stated the cause of action and refused to file a supplemental complaint even in the face of a motion to dismiss." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (citing *Jacquez*, 801 F.2d at 792.). The Court reasoned, "remanding the case to allow another pleading would do nothing but prolong the inevitable." *Jacquez*, 801 F.2d at 793.[1] So too here. Mrs. Sultana-Neill's repeated failure to connect her non-selections with her protected statuses or her prior protected activity in the face of a motion to dismiss replicates the scenario laid out by the Fifth Circuit in *Jacquez*.

### III. Conclusion

For the reasons stated above, Defendant respectfully requests the Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

**ASHLEY C. HOFF**
United States Attorney

By: */s/ James E. Dingivan*
**JAMES E. DINGIVAN**
Assistant United States Attorney
Texas Bar No. 24094139
Matthew Mueller
Assistant United States Attorney
Texas Bar No. 24095592
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7372 (phone)
(210) 384-7312 (fax)
james.dingivan@usdoj.gov
matthew.mueller@usdoj.gov
**ATTORNEYS FOR DEFENDANT**

---

[1] The Plaintiff in *Jacquez* was not *pro se* for the entire case and was attempting to overcome an immunity defense.

Defendant's Reply in Support of its Motion to Dismiss

## **CERTIFICATE OF SERVICE**

I certify that on January 25, 2022, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system. Additionally, I will serve the following non-CM/ECF participant via certified mail, return receipt requested:

Mosammat Sultana-Neill
13630 Landmark Hill
San Antonio, TX 78217-1721

                                              */s/ James E. Dingivan*
                                              **JAMES E. DINGIVAN**
                                              Assistant United States Attorney