UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOSAMMAT M. SULTANA-NEILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-21-CA-1008-FB-HJB |
| | § | |
| LOIUS DEJOY, U.S. POSTMASTER GENERAL, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss filed by Defendant Louis DeJoy. (Docket Entry 6.) Dispositive motions in this case have been referred to the undersigned for recommendation. (*See* Docket Entry 3.) For the reasons set out below, I recommend that Defendant's Motion to Dismiss (Docket Entry 6) be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART.**

**I.    Jurisdiction.**

Plaintiff's suit presents claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3a, *et. seq* and the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621–634. (Docket Entry 1, at 2.) The Court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331. I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Background.

Plaintiff is a 52-year-old Bangladeshi Muslim woman. (Docket Entry 1, at 3.) She began employment with Defendant in 2004. (*Id.*) In 2011, she transferred to a mail processing and distribution center in Austin, Texas. (*Id.*) In 2015, Plaintiff requested an interview for a promotion, which was denied by a supervisor, Paul Allen. (*Id.*) Based on this incident, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) In 2016, she filed a second EEO complaint, alleging that Allen retaliated against her based on her initial EEO complaint. (*Id.* at 7.)

In 2017, Plaintiff attempted to transfer to a distribution center in San Antonio, Texas, but a group of supervisors, including Allen, initially rejected her transfer. (Docket Entry 1, at 4.) In 2018, her transfer to San Antonio was complete, but she still reported to Allen. (*Id.* at 5.) Plaintiff once again requested an interview for a supervisory position, which Allen denied. (*Id.*) Eventually, after Allen moved to a different position; Plaintiff thereafter received a promotion. (*Id.* at 5–6.)

In 2019, Plaintiff filed an informal EEO complaint based on her supervisors' failure to place her on the promotional roster, when others outside of her protected classes were placed on the roster and subsequently promoted. (Docket Entry 1, at 7.) Between 2018 and 2020, Plaintiff alleges that she was overlooked for several job openings on the basis of her membership to various protected classes, and in retaliation for previous protected activity. (*Id.* at 12–15.)

Proceeding *pro se*, Plaintiff filed suit with this Court on October 18, 2021. (Docket Entry 1.) Defendant moved to dismiss. (Docket Entry 6.) Plaintiff responded (Docket Entry 7), and Defendant replied (Docket Entry 9).

### III. Legal Standard.

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry 6.) Rule 12(b)(1) allows a party to assert a lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating a challenge to subject-matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.*

Rule 12(b)(6) authorizes the dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). For a claim to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information the court considers is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021). Judicial notice may be taken of matters of public record. *Firefighters' Ret. Sys., L.L.P. v. EisnerAmper*, 898 F.3d 553, 558 n.2 (5th Cir. 2018). When a defendant attaches documents to her motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

IV. **Analysis.**

Defendant seeks to dismiss Plaintiff's claims for failure to properly exhaust her administrative remedies and failure to state a claim for relief. (Docket Entry 6.) Each will be addressed in turn.

A. *Exhaustion of Administrative Remedies.*

Defendant seeks to dismiss Plaintiff's complaint in part on the basis that she failed to exhaust her administrative remedies in a timely manner. (Docket Entry 6, at 4.) Exhaustion of administrative remedies is not a jurisdictional requirement under 12(b)(1); instead, failure to

4

exhaust is an affirmative defense that should be plead. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306-07 (5th Cir. 2018) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 142 (5th Cir. 2016) (en banc)). It is nevertheless an important pre-suit requirement that can result in the dismissal of a case. *Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018). Therefore, the Court will consider this defense under the 12(b)(6) standard.

To exhaust administrative remedies, a federal employee like Plaintiff must first report her grievance to an EEO counselor of the agency charged with discrimination within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1) (1998); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). If the matter cannot be resolved within 30 days, the employee is notified in writing of her right to file an administrative discrimination complaint (EEO claim) within 15 days after receipt of the notice. *See id.* § 1614.105(d). Defendant relies on the time limits in this part of the exhaustion procedure: he argues that that any acts that occurred prior to 45 days before Plaintiff's EEO counseling must be dismissed. (Docket Entry 6, at 7–9.)

Plaintiff alleges 10 distinct instances of discriminatory or retaliatory conduct:

1. She was refused the opportunity to interview for promotion between January 2015 and May 2015;
2. She was refused the opportunity to apply for promotion in January 2018;
3. She was refused the opportunity to interview for promotion between March 2018 and September 2018;
4. She was refused a promotion for an open position between January 2018, July 2018, and present;
5. She was not placed on the active promotion roster on January 11, 2019, and February 23, 2019;
6. She was denied a promotion between December 18, 2019, and March 2020;
7. She was denied another promotion for an open position between December 18, 2019, and March 2020;
8. She was denied a promotion on September 9, 2019;
9. She was denied access to a training opportunity on December 19, 2019; and
10. She was threatened with disciplinary action on May 16, 2020.

(Docket Entry 1, at 3–6; Docket Entry 7, at 1–3.) Defendant challenges the first five instances on exhaustion grounds; Plaintiff acknowledges that the first four fall outside of the required exhaustion period, and that they should therefore be dismissed. (Docket Entry 7, at 4.)

As to the fifth instance of claimed misconduct, claims, the timing issue is in dispute, because parties disagree as to when Plaintiff initiated contact with EEO counseling as required by statute. Plaintiff claims that she "filed an informal EEO complaint" on February 23, 2019, which would mean that her exhaustion period started on January 9, 2019. (Docket Entry 1, at 7.) Defendant argues, on the other hand, that Plaintiff actually initiated contact on April 1, 2019, which would put her exhaustion-period start date on February 15, 2019. (Docket Entry 6, at 9.) One of the claims Plaintiff asserts is a failure to promote occurring on January 11, 2019. (Docket Entry 1, at 3–6.) If Plaintiff's EEO counseling date is correct, then she properly exhausted her remedies; if Defendant's date is correct, then Plaintiff has failed to exhaust her administrative remedies. Both attach documentation to support their argument as to Plaintiff's EEO counseling date. (Docket Entry 7-1, at 1; Exhibit 6-8, at 1.)

"When a party presents 'matters outside the pleadings,' the Court has 'complete discretion' to either accept or exclude the evidence for purposes of determining the motion." *Carroll v. Team One Logistics/Bus. Transp. Sols.*, No. 3:19-CV-1770-G (BH), 2020 WL 5520606, at *3 (N.D. Tex. Aug. 10, 2020) (quoting *Isquith for & on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988)), *report and recommendation adopted*, No. 3:19-CV-1770-G (BH), 2020 WL 5513442 (N.D. Tex. Sept. 11, 2020). Given the early stage of proceedings in this case, and the fact that Plaintiff proceeds *pro se*, the Court should exercise its discretion to decline to resolve extra-pleading issues at this time. Instead, accepting "all well-pleaded facts as true, [and] viewing them in the light most favorable to the plaintiff," *In re Katrina Canal Breaches Litig.*, 495 F.3d at

6

205, the Court should deny Defendants' motion to dismiss as to Plaintiff's January 11, 2019, claim, without prejudice to Defendant's ability to raise the timeliness defense at a later stage in the proceedings.

As to the remainder of Plaintiff's claimed instances of misconduct, Defendant does not argue that they should be dismissed as untimely at this stage.

### B. *Stating a Claim for Relief.*

1. *Discrimination.*

Defendant argues that Plaintiff has failed to state a claim for relief for discrimination under Title VII and the ADEA because she has neither properly alleged adverse employment actions nor named similarly situated employees.. (Docket Entry 6, at 9–16.) *Adverse action.* To prevail under Title VII or the ADEA, a plaintiff must plead that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) she was treated less favorably than were other similarly situated employees who were not members of the protected class. *Outley v. Luke & Assocs.*, 840 F.3d 212, 216 (5th Cir. 2016); *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014); *cf. McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1]

In the context of Title VII and ADEA discrimination claims, adverse actions are "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating."

---

[1] At the pleading stage, discrimination claims under Title VII and the ADEA are governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), rather than the familiar burden-shifting evidentiary standard set forth in *McDonnell Douglas*. Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead" to support a claim under Title VII and the ADEA: "(1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations marks omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). Nevertheless, when a plaintiff's discrimination claim depends on circumstantial evidence, as it does here, the plaintiff "will 'ultimately have to show' that [s]he can satisfy the *McDonnell Douglas* framework." *Cicalese*, 924 F.3d at 767 (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). Accordingly, the Court considers that framework in considering Defendant's motion.

*McCoy v. City of Shreveport*, 492 F.3d 551, 559–60 (5th Cir. 2007). In this case, Plaintiff's alleges that she was not promoted on four separate occasions; such conduct undoubtedly constitutes adverse employment action. *Id.*

*Similarly situated employees.* As for the issue of comparators, the Fifth Circuit has held "an employee who proffers a fellow employee as a comparator [must] demonstrate that the employment actions at issue were taken 'under nearly identical circumstances.'" *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). "Similarly situated individuals must be 'nearly identical' and must fall outside the plaintiff's protective class." *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 857 (S.D. Tex. 2010). "Nearly identical," however, does not mean "identical." *Lee*, 574 F.3d at 260. "For example, it is sufficient that the ultimate decisionmaker as to employees' continued employment is the same individual, even if the employees do not share an immediate supervisor." *Id.* at 260-61.

That being said, "[e]mployees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated." *Lee*, 574 F.3d at 259 (citing *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000)). "Likewise, employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated." *Id.* at 259–60 (citing *Smith v. Wal-Mart Stores* (No. 471), 891 F.2d 1177, 1180 (5th Cir. 1990)).

In this case, Plaintiff has identified as potential comparators the following individuals for three promotion claims: Stacy Malbrough, a 55-year-old African-American woman with no prior EEO protected activity, Michael Aguillon, a Native-American man with no prior EEO activity, Comel Freeman, a 62-year-old American-born man with no prior EEO activity, John Kijanka, a

8

white man under the age of 45, Damon Wright, a 53-year-old, American-born white man, Ana Blackburn née Amesqua, a Hispanic woman under the age of 45 with no prior EEO activity, and Oscar Tamez, a 42-year-old, American-born Hispanic man with no prior EEO activity. (Docket Entry 1, at 10–11.)[2] Construing *pro se* Plaintiff's complaint liberally, it appears that these individuals were working in the same or similar positions as her, as she alleges that they were all "promoted ahead of plaintiff" even though they "had less seniority in the maintenance craft." (*Id.* at 11.) It can also be inferred from the complaint that these individuals would have similar job duties of "maintenance craft," and also seemingly have the same person making the ultimate decision to promote them. (*Id.* at 10–11.) Moreover, each the individuals identified above falls outside of at least one protected class to which Plaintiff belongs. (*Id.*) Therefore, three of Plaintiff's discrimination claims should not be dismissed at this time. If necessary, this issue may be revisited at the summary-judgment stage once the evidence is better developed.

As for Plaintiff's fourth claim of discrimination, she identifies "Mr. Sudip Bhatarai" as a comparator. (Docket Entry 1, at 13.) Defendant contends that Mr. Bhatarai is not an appropriate comparator because he was already a supervisor, the position Plaintiff was seeking through promotion. (Docket Entry 6, at 13.) Based on the pleadings alone, the Court cannot find that Mr. Bhatarai is an appropriate comparator. Accordingly, Defendant's motion as to this claim should be granted, but Plaintiff should be granted the opportunity to amend her complaint to supply the necessary information as to whether she has identified an appropriate comparator.

    2.    *Retaliation.*

Defendant also seeks dismissal of Plaintiff's retaliation claims. (Docket Entry 6, at 13–15.) A litigant who alleges retaliation arising from allegations of discrimination in the workplace

---

[2] Plaintiff's *pro se* pleading also refers to approximately 10 other unidentified individuals as possible comparators.

must establish (1) that she engaged in activity protected; (2) that the employer took adverse action against her; and (3) that a causal connection exists between the protected activity and the adverse action. *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015).

Here there is no dispute that Plaintiff has alleged protected conduct. The questions are whether she has alleged an adverse action or a causal connection between the actions and Plaintiff's protected conduct. (Docket Entry 6, at 13–15.) The Court need not consider the adverse-action question,[3] as Plaintiff has not alleged a sufficient causal connection to state a retaliation claim.

Plaintiff alleges are that, on December 19, 2019, she was singled out among her peers to miss an important training session which would aid with her career advancement, and that on May 16, 2020, she was threatened with disciplinary action for not recertifying training for tasks which no longer fell within her job duties. (Docket Entry 1, at 14–15.) Putting aside the issue of whether these instances separately or in combination would rise to the level of retaliation, Plaintiff's complaint does not sufficiently allege a connection between her protected activity and this conduct. Plaintiff's last allegation of protected activity occurred on August 1, 2019; her first complaint of retaliation occurred on December 19, 2019. (Docket Entry 1, at 7, 14.) Standing alone, this time gap is too great to allow an inference of causal connection. *See Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 884–85 (5th Cir. 2020) (holding that two and a half months between protected activity and adverse employment action was insufficient, in and of itself, to establish causation in

---

[3] For a retaliation claim, an adverse employment action "need not rise to the level of ultimate employment decisions" as in a discrimination claim. *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 827 (5th Cir. 2019) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006)). The standard for an adverse employment action in the context of a retaliation claim is whether an employment action is "materially adverse, such that it would dissuade a reasonable employee from making a discrimination complaint." *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 678 (5th Cir. 2021).

the FMLA retaliation context). Accordingly, Plaintiff's retaliation claims should be dismissed without prejudice to allow her an opportunity to plead additional facts to establish a sufficient causal connection.

**V.     Conclusion.**

Based on the foregoing, I recommend that Defendants' Motion to Dismiss (Docket Entry 6) be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. As to the exhaustion of administrative remedies, Defendant's motion should be **DENIED WITHOUT PREJUDICE** to reconsideration at the summary-judgment stage. As to Plaintiff's discrimination claims, Defendant's motion should be **DENIED WITHOUT PREJUDICE** except the claim in which she presents Mr. Sudip Bhatarai as a relevant comparator; on this claim, the motion should be **GRANTED**, Plaintiff's claim should **DISMISSED WITHOUT PREJUDICE**, and Plaintiff should be given an opportunity to amend her complaint. As to Plaintiff's retaliation claims, Defendant's motion should be **GRANTED**, Plaintiff's claim should **DISMISSED WITHOUT PREJUDICE**, and Plaintiff should be given an opportunity to amend her complaint.

**VI.    Instructions for Service and Notice of Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to

which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

  **SIGNED** on May 3, 2022.

_____
Henry J. Bemporad
United States Magistrate Judge