UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MOSAMMAT M. SULTANA-NEILL,<br><br>    *Plaintiff*,<br><br>v.<br><br>LOUIS DEJOY,<br><br>    *Defendant*. | No. 5:21-cv-1008-FB-HJB |

**DEFENDANT'S OBJECTIONS TO THE REPORT & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant files the following objections to the Report and Recommendation (R&R) of the United States Magistrate Judge (ECF No. 19):

**I.**      **Preliminary Statement**

Defendant objects to the Magistrate's recommendation to deny Defendant's Motion to Dismiss Plaintiff's claims that she was discriminated against when she was not selected for a temporary detail as an acting supervisor between January 2019 and April 2019. *See* R&R, ECF No. 19 at pp. 5-8. Specifically, the Magistrate improperly determined that the Plaintiff identified comparators for the supposedly discriminatory acts. Defendant also objects to the Magistrate's recommendation that the District Court deny Defendant's Motion to Dismiss Plaintiff's discrimination claims based on acts which occurred more than 45 days before her initial EEO counseling on April 1, 2019. *Id*. at pp. 6-7. The Magistrate applied the wrong legal standard when resolving the issue. For these reasons, Respondents respectfully request that these recommendations be rejected and the Defendant's Motion to Dismiss be granted in its entirety.

**II.**      **Legal Standard**

The district court makes a *de novo* determination with respect to challenged portions of a report and recommendation, which it may accept, reject, or modify, in whole or in part. 28 U.S.C.S. § 636(b)(1)(C); Fed. R. Civ. P. 72.

### III. Argument & Authorities

*a. The Magistrate Wrongly Found that Plaintiff Pled Sufficient Facts to Identify Comparators*

Defendant moved to dismiss Plaintiff's claims of discrimination, in part, because Plaintiff failed to plead sufficient facts to establish that her proffered comparators were similarly situated. Def. Mot., ECF No. 6 at pp. 11-12. However, the R&R found that Plaintiff identified six comparators, citing to Plaintiff's Complaint at pp. 10-11. R&R, ECF No. 19, at p. 9. The Court wrote "interpreting Plaintiff's claim liberally," it "appears" these purported comparators were working in same or similar positions, it could be "inferred" that they have similar job duties, and they all "seemingly" have the same person making the ultimate decision to promote them. R&R, ECF No. 19 at pp. 8-9. "Moreover", the Court continued, "each of the individuals above falls outside of at least one protected class to which Plaintiff belongs." *Id*. In making this recommendation, the R&R relied primarily on *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 160 (5th Cir. 2009). It is obvious from the language of the R&R that the Magistrate's inferences are being used in place of actual concrete allegations contained in the complaint to establish these individuals as comparators for the non-selection for the 204B position in early 2019. But the total reliance on inferences to establish these individuals as comparators is undercut by the text of the Complaint itself. In identifying these comparators, the R&R cites to paragraph 48 of Plaintiff's Complaint and its subparagraphs. Paragraph 48 states in relevant part:

> "48. In ***July 2018***[,] William Hatley informed Plaintiff in a letter that she was deemed not qualified for open season consideration, citing the 120-day rule
>
>   a. Other similar situated employees were directly promoted to MPE without being added to the promotion roster such as Stacey Malbrough [], Michael Aguillon [], Cornel Freeman [].
>
>   b. From ***December 2018*** until today, many new employees, John Kijanka [], Damon Wright [], Ana Amesqua [], Oscar Tamez [], and many others [] were promoted ahead of plaintiff that had less seniority in the maintenance craft…"

Pl. Compl. ECF No. 1 at ¶ 48 (emphasis added). The timeline is important because Plaintiff's own timeline establishes that these supposed comparators were "promoted" to other positions at other times, including more than 9 months before the time period at issue. The Complaint continues on in the subsequent paragraph to address the only relevant timeframe (as opposed to the summer of 2018):

> "49. On January 11, 2019 William Hatley failed to put Plaintiff's name in the updated roster for promotion…
>
> 50. On February 23, 2019 Plaintiff [sic] name was omitted in the roster for promotion by William Hatley.
>
> 51. Between December 18, 2019 and mid March 2020 Plaintiff was once again denied to fill the vacant acting supervisor (204b) position by Cory Lunford…
>
> a. Others such as Stacey Marlbrough and Hough McCorkle (both outside Plaintiff's protected classes) were returned to their respective acting supervisor's positions in detail after completing their respective detail in the acting supervisor position and after returning to their respective craft as MM. Plaintiff was not allowed to return to her former detail position as an acting supervisor (204B position) unlike others."

*Id*. at ¶ ¶ 59-51. The well-pleaded facts in the Complaint show that Marlbrough, Aguillon, and Freeman were considered for an unspecified and unrelated promotion opportunity in July 2018, *not for the relevant position* in January through April of 2019.

Def. Obj to Magistrate's R&R     3

Likewise, the period for which Kijanka, Wright, Amesqua, and Tamez were found to be comparators for the Plaintiff has no connection of any kind to the position for which Plaintiff claims she was not selected. Paragraph 51(a), not Paragraph 49 or 50 (the operative paragraphs for the supposed discriminatory acts) states that Stacey Marlbrough (an African American woman) and Hough McCorkle (NFI) were "returned to their respective acting supervisor positions" and "Plaintiff was not allowed to return to her former detail position as an acting supervisor." Even construed liberally, these bare bones assertions fail to establish that any of these individuals could be proper comparators for the acts in paragraphs 49 or 50 which are alleged to have been discriminatory.

While it is certainly true that "scrutinizing whether a plaintiff's fellow employees were really similarly situated is an inquiry more suited to the summary judgment phase," the plausibility standard will "typically require ***at least some degree of detail*** regarding any comparator employees on which a plaintiff relies." *Smith v. Nautic Star, LLC*, No. 1:20-CV-242-DMB-DAS, 2021 WL 2104634, at *3 (N.D. Miss. May 25, 2021) (citations and quotations omitted and emphasis added). In this case, Plaintiff has failed to allege any detail about Stacy Marlbrough other than she is an African-American female, and literally nothing about Hough McCorkle. She alleges nothing about either individual other than they were "returned to their respective acting supervisor's positions in detail after completing their respective detail in the acting supervisor position." Again, putting aside that this paragraph is relatively difficult to interpret and reading it in the light most favorable to the Plaintiff, it still does not allege the requisite "some degree of

detail" regarding these purported comparator employees. As such, Plaintiff does not meet her burden to plead the facts necessary to support her claims.

> b. *The Magistrate Applied the Wrong Legal Standard in Denying Defendant's Motion to Dismiss for Failure to Exhaust*

Defendant also moved, in part, to dismiss certain discrimination claims on the grounds that Plaintiff failed to initiate contact with an EEO counselor within 45 days of the matter alleged to be discriminatory. Def. Mot. ECF No. 6, at pp. 8-9. In support of this position, Defendant provided Exhibits M and H which demonstrate that Plaintiff's initial contact occurred on either March 28, 2019 or April 1, 2019. ECF Nos. 6-8 and 6-13. Plaintiff has provided contradictory material which allege an initial EEO contact date of either February 23, 2019 or March 28, 2019. *See* ECF Nos.6-9 and 6-10.

In resolving this dispute, the Magistrate stated that the Court has "complete discretion to either accept or exclude the evidence for the purpose of determining the motion," and "accepting all well-pleaded facts as true, [and] viewing them in the light most favorable to the Plaintiff…the Court should deny Defendant's motion." R&R, ECF No. 6 at p. 6. This is not the appropriate standard. The argument Defendant posed was not a failure to state a claim under Fed. R. Civ. P. 12(b)(6), which would invoke the Court's responsibility to view Plaintiff's well-pleaded facts as true, rather it was an argument that this claim is barred for failure to comply with administrative requirements. *See Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002) (stating that whether a Plaintiff has complied with the 45-day requirement is reviewed *de novo* to determine whether the employee is entitled to equitable estoppel); *see also O'Hara v. Donahoe*, 595 F. App'x 367, 370 (5th Cir. 2014)). Under the *de novo* standard of review, the Court should *not* have accepted Plaintiff's well-pleaded facts as true. And without


that presumption of truth, Plaintiff cannot establish her entitlement to equitable estoppel on the 45-day period of time. Plaintiff never argued that she was unaware of the 45-day standard and would have thereby entitled to equitable estoppel (indeed she cannot, because she had filed EEO complaints previously and knew the process). Rather, Plaintiff simply provides an unconfirmed, uncorroborated statement that she complied with the 45-day requirement by contacting an unknown, unidentified person in February 2019. When compared with the black and white dates contained in Defendant's initial contact form,[1] Plaintiff's case for maintaining a claim for any alleged act of discrimination before February 15, 2019 necessarily fails.

## IV.  Conclusion

For the foregoing reasons, the Report and Recommendation should be rejected, and the Petition should be denied.

Respectfully submitted,

**Ashley C. Hoff**
United States Attorney

By:  */s/ James E. Dingivan*
**James E. Dingivan**
Assistant United States Attorney
Texas Bar No. 24094139
Matthew Mueller
Assistant United States Attorney
Texas Bar No. 24095592
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
(210) 384-7372 (phone)
(210) 384-7312 (fax)
james.dingivan@usdoj.gov
**ATTORNEYS FOR DEFENDANT**

---

[1] Or, alternatively, the only agreed-upon potential date: March 28, 2019.